Gregory D. Miller
Michael C. Cannata
Catherine Salerno
**RIVKIN RADLER LLP**
25 Main Street
Court Plaza North, Suite 501
Hackensack, New Jersey 07601-7082
Telephone: (201) 287-2460

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASCEND LABORATORIES, LLC,<br><br>                            Plaintiff,<br><br>     -against-<br><br>K SHAMI ENTERPRISES<br>d/b/a ASCEND LABS<br><br>                            Defendant. | **COMPLAINT AND JURY DEMAND** |

Plaintiff Ascend Laboratories, LLC, ("Ascend"), by and through its attorneys, Rivkin Radler LLP, as and for its Complaint against Defendant K Shami Enterprises d/b/a Ascend Labs ("Defendant") alleges as follows:

### OVERVIEW

1. This is an action for, among other things, trademark infringement. This action is based upon the Defendant's repeated, willful, infringement of Ascend's long-standing intellectual property rights in its ASCEND family of trademarks.

2. Specifically, Ascend is the owner of several unique, distinctive, trademarks used in connection with its industry leading pharmaceutical preparations, including, the ASCEND standard character trademark, the ASCEND LABORATORIES, LLC standard character trademark, the ASCEND stylized design trademark displayed below, and the ASCEND

LABORATORIES, LLC stylized design trademark also displayed below (collectively, the "Ascend Marks"):



3. Ascend has been using the Ascend Marks in commerce for at least approximately eighteen (18) years and, based on such long-standing and continuous use, has developed, and enjoys, substantial consumer recognition and goodwill in the Ascend Marks.

4. Long after Ascend began use of the Ascend Marks, Defendant began to use the confusingly similar ASCEND LABS name to advertise, market, and otherwise promote dietary supplements designed to treat skin conditions and bloating - - two ailments/symptoms which can be treated using pharmaceutical preparations manufactured and sold by Ascend under the Ascend Marks.

5. The Defendant's blatant disregard for Ascend's intellectual property rights - - rights which Ascend developed through substantial investments of both human and financial capital over numerous decades must cease.

6. To that end, Ascend contacted Defendant several weeks ago to discuss a non-litigated business resolution regarding this matter. *See* Exhibit "A" hereto. But Defendant did not respond to that communication.

7. The Defendant's continued unauthorized use of Ascend's intellectual property is likely to result in consumer confusion and, in fact, already has.

## THE PARTIES

8. Ascend is a limited liability company formed in the State of New Jersey having its principal place of business at 135 Route 202/206, Suite 15, Bedminster, New Jersey 07921 and is duly authorized to transact business in the State of New Jersey.

9. Upon information and belief, Defendant is a limited liability company formed in the State of California having its principal place of business at 1976 S. La Cienega Boulevard #C-493, Los Angeles, California 90034.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367, as there are federal questions predicated upon the Lanham Act and claims under the laws of the State of New Jersey for which this Court has supplemental jurisdiction.

11. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391.

## ASCEND'S ESTABLISHED INTELLECTUAL PROPERTY RIGHTS

12. Ascend began operations in the early 2000's and, since that time, has developed a national reputation as a leading manufacturer and supplier of pharmaceutical preparations, including, preparations designed to treat both skin conditions and bloating.

13. Based on the foregoing, Ascend is nationally recognized as an industry leader and innovator in pioneering advancements in the field of pharmaceutical preparations.

14. Ascend has spent significant time, money, and effort to establish public recognition of the Ascend Marks as identifying Ascend as the source of industry-leading goods in the field of pharmaceutical preparations.

15. Ascend has used the Ascend Marks to advertise and promote its goods for at least approximately eighteen (18) years and has established not only substantial consumer recognition of the Ascend Marks, but also developed significant goodwill in connection with the Ascend Marks.

16. To be sure, Ascend has made significant advertising expenditures connected to the Ascend Marks. For example, Ascend regularly advertises in such publications as Chain Drugstore Daily, Drug Store Management, Chain Drug Review, and Drug Store News.

17. Ascend has achieved a high level of sales success with respect to its industry leading pharmaceutical preparations marketed and sold under the Ascend Marks. To that end, Ascend is ranked in the top ten suppliers of generic prescriptions based on prescriptions dispensed by IQVIA, the leading industry statistics provider.

18. Moreover, Ascend has also received a substantial amount of unsolicited media coverage in connection with the Ascend Marks, including, being frequently cited in various trade journals, including, Drug Store News and Chain Drug Review.

19. To be clear, the Ascend Marks are distinctive and certain of Ascend's most valuable assets.

20. Ascend has used, and continues to use, the Ascend Marks in interstate commerce, among other places, on its website, advertisements, packaging, and other materials to identify, advertise, publicize, and market Ascend's goods.

21. By virtue thereof, together with the consumer recognition and goodwill referenced above, the Ascend Marks identify the source of Ascend's goods and distinguishes Ascend from its competitors.

## **DEFENDANT'S INFRINGING CONDUCT**

22.     Defendant markets and distributes dietary supplements nationwide, including, different varieties of supplements under the ASCEND LABS name.

23.     An example of product packaging for the supplements marketed and distributed by Defendant under the ASCEND LABS name is displayed below:



*See* https://ascendlabs.store.

24.     Apart from Defendant's use of the infringing mark on its product packaging, the Defendant uses the infringing mark on its website to advertise, market, and otherwise promote its products:



*See* https://ascendlabs.store.

  25. Defendant also uses the infringing mark to advertise, market, and promote its supplements on its social media platforms. Examples of Defendant's unauthorized use of the infringing mark on its social media platforms are displayed below:

**TikTok**



*See* https://www.tiktok.com/@ascend.labs.

**Instagram**

*See* https://www.instagram.com/ascendlaboratories/?hl=en.

26. Defendant also uses the infringing mark in its domain name - - www.ascendlabs.store - - to advertise, market, and promote its supplements.

27. Defendant has engaged, and continues to engage, in a patterned course of deliberate conduct to trade off the goodwill that Ascend has developed in the Ascend Marks.

28. Defendant's use of the Ascend Marks to advertise and promote its dietary supplements is likely to cause consumer confusion based upon Ascend's long-standing prior use of the Ascend Marks.

29. For example, Ascend manufactures and sells pharmaceutical preparations which are designed to target and treat skin conditions and digestive issues which may include bloating, the precise focus of the dietary supplements sold by Defendant in connection with the infringing mark.

30. For example, under the Ascend Marks, Ascend manufactures and sells skin topical formulations called Triamcinolone Cream & Ointment that treat skin disorders.

31. Likewise, under the Ascend Marks, Ascend manufactures and sells Famotidine and Esomeprazole that treat various digestive issues which may include bloating.

32. Accordingly, the Defendant's conduct will harm the goodwill which Ascend has cultivated to the extent that consumers will mistakenly believe that Defendant's products are manufactured, produced, affiliated with, or endorsed by Ascend.

33. In fact, there are already several instances of actual consumer confusion resulting from the Defendant's unauthorized use of the infringing mark.

34. For example, below is a redacted screenshot of an e-mail Ascend received on November 3, 2025 from an individual who mistakenly contacted Ascend inquiring about the Defendant's goods:

From: ▮▮▮▮▮▮▮▮▮▮
Sent: Monday, November 3, 2025 11:58 AM
To: Contact <contact@ascendlaboratories.com>
Subject: Restock

CAUTION: This email was sent from an EXTERNAL source. Use caution when clicking links or opening attachments.

Hi, I ordered some d-bloat when it first came out and really liked it. I was wondering when you will be restocking as all flavors are out of stock on your site and I'd really like some more soon.
Thanks, ▮▮▮▮▮▮▮▮

35. Likewise, by way of example, below is a redacted screenshot of an e-mail Ascend received on December 19, 2025 from an individual who mistakenly contacted Ascend trying to cancel an order such individual placed with Defendant for its U-Glow Daily Glow Formula product on the previous day:

**From:** ▮▮▮▮▮▮▮▮▮▮
**Sent:** Friday, December 19, 2025 7:20 AM
**To:** Contact <contact@ascendlaboratories.com>
**Subject:** Cancel order before shipment – Order id: 577231760255193796

CAUTION: This email was sent from an EXTERNAL source. Use caution when clicking links or opening attachments.

Hello Ascend Laboratories team,

I hope you're doing well. I'm reaching out to ask if it's possible to cancel my recent order before it ships.

Order ID: 577231760255193796

Item: U-GLOW Daily Glow Formula (quantity 2)

Order date: December 18, 2025

Name: ▮▮▮▮▮▮

This was an accidental duplicate purchase. I completely understand if there are any limitations, but I wanted to ask while the order is still processing. I'd really appreciate your help.

Thank you very much for your time and assistance.

36. Again, by way of example, below is a redacted screenshot of an e-mail Ascend received on January 4, 2026 from an individual who mistakenly contacted Ascend demanding a refund for a product sold by the Defendant:

**From:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Sent:** Sunday, January 4, 2026 2:01:10 AM
**To:** Contact <contact@ascendlaboratories.com>
**Subject:** You sold your product to a child

CAUTION: This email was sent from an EXTERNAL source. Use caution when clicking links or opening attachments.

A package arrived today with your D-Bloat powder in it for my 13 year old son. It clearly says not for use under 18 and for obvious reasons. I have confiscated it and will not be permitting him to take it. I would like a refund. The order number is ASCEND294614.

37. Unless stopped, the Defendant's conduct will continue to result in actual consumer confusion as consumers will continue to mistakenly believe that Defendant's products are manufactured, produced, affiliated with, or endorsed by Ascend.

<u>**COUNT I**</u>
**FALSE DESIGNATION OF ORIGIN**
**15 U.S.C. § 1125(a)(1)(A)**

38. Ascend repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "37" with the same force and effect as if set forth at length herein.

9

39. Ascend is the owner of the valid and legally protectable and distinctive Ascend Marks.

40. Ascend uses the Ascend Marks to identify, advertise, promote, publicize, and market its goods.

41. Defendant is using a mark that is virtually identical to the Ascend Marks to identify, advertise, promote, publicize, and market its related goods.

42. Defendant has used, and continues to use, a mark that is virtually identical to the Ascend Marks to advance, grow, and develop its business, and to harm and interfere with Ascend's business.

43. Defendant's use of the ASCEND LABS name is designed to cause, and will likely cause, consumer confusion, mistake or deception as to the origin, sponsorship or approval of the Defendant's goods, given the related nature of the goods provided by Ascend.

44. Defendant's aforesaid conduct constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A), and at all relevant times, such conduct is and has been willful, malicious and in conscious disregard of Ascend's rights under the Lanham Act as the owner of the Ascend Marks.

45. As a result of the Defendant's conduct, Ascend has been injured, including, without limitation, the loss of goodwill associated with its own goods.

46. As a result of the Defendant's conduct, Ascend is entitled to receive an accounting of, and receive compensation from the Defendant in the form of, all of the Defendant's profits from the unauthorized use of Ascend's intellectual property.

47. As a result of the Defendant's conduct, Ascend has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief to the type sought herein pursuant to 15 U.S.C. § 1116.

48. As a result of the Defendant's conduct, Ascend has sustained actual and consequential damages that will be established at trial, and Ascend is entitled to an award of punitive damages, the exact amount of which is to be determined at trial.

**COUNT II**
**CYBERSQUATTING**
**15 U.S.C. § 1125(d)(1)**

49. Ascend, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "48" with the same force and effect as if set forth at length herein.

50. Ascend has expended significant time, money, and effort to establish public recognition of the Ascend Marks as identifying Ascend as the source of high-quality pharmaceutical preparations.

51. Ascend has used the Ascend Marks in advertising and promoting the above-referenced goods for many years and, during that time, has established substantial consumer recognition of the Ascend Marks and goodwill. To be sure, the Ascend Marks are some of Ascend's most valuable assets.

52. Notwithstanding Ascend's established intellectual property rights, the Defendant registered and used a domain name located at www.ascendlabs.store which is virtually identical to, and confusingly similar to, the Ascend Marks.

53. At the time that the Defendant registered the above domain name, the Ascend Marks were distinctive.

54. Defendant registered and used this domain in bad faith to unlawfully profit from the Ascend Marks.

55. Specifically, Defendant is attempting to profit from the Ascend Marks by misleading consumers who visit the website located at www.ascendlabs.store into believing they are conducting business with Ascend.

## COUNT III
### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### COMMON LAW

56. Ascend, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "55" with the same force and effect as if set forth at length herein.

57. Ascend is the owner of the valid and legally protectable Ascend Marks.

58. The Defendant has used, and continues to use, a mark that is virtually identical to the Ascend Marks as a means to identify the Defendant as the source of goods that are related to those offered by Ascend.

59. The Defendant's unauthorized use of the ASCEND LABS name is designed to cause, and will likely cause, consumer confusion with Ascend and its goods and such use infringes on the Ascend Marks.

60. The Defendant's unauthorized use of the ASCEND LABS name is designed to cause, and will likely cause, consumers to mistakenly purchase Defendant's goods believing that Ascend is the source of, or otherwise endorses, such goods.

61. The Defendant's unauthorized use of the ASCEND LABS name is willful, malicious, and in bad faith and in conscious disregard of Ascend's rights and has caused, and is likely to cause, consumer confusion between Ascend and its goods and Defendant and its goods.

62. The Defendant's activities as stated herein constitute infringement of Ascend's rights in the Ascend Marks and unfair competition in violation of New Jersey common law.

63. As a result of the Defendant's conduct, Ascend has been injured, including, without limitation, the loss of goodwill associated with its own goods.

64. As a result of the Defendant's conduct, Ascend is entitled to receive an accounting of, and receive compensation from the Defendant in the form of, all of the Defendant's profits from the unauthorized use of Ascend's intellectual property.

65. As a result of the Defendant's conduct, Ascend has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

66. As a result of the Defendant's conduct, Ascend has sustained actual and consequential damages that will be established at trial, and Ascend is entitled to an award of punitive damages, the exact amount of which is to be determined at trial.

**COUNT IV**
**UNFAIR COMPETITION**
**NEW JERSEY UNFAIR COMPETITION ACT, N.J.S.A. § 56:4-1, *et seq.***

67. Ascend repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "66" with the same force and effect as if set forth at length herein.

68. Defendant's actions described above constitute unfair competition in violation of the New Jersey Unfair Competition Act, Jersey Statutes Annotated Section 56:4-1 *et seq.*, as Defendant has misappropriated the Ascend Marks for its own use.

69. To that end, Defendant has been unjustly enriched and Ascend has been irreparably damaged. Unless the actions of Defendant are enjoined, Ascend will continue to be injured.

## DEMAND FOR JURY TRIAL

Ascend demands a trial by jury.

## PRAYER

**WHEREFORE**, Ascend requests that the Court enter judgment against Defendant as follows:

a. On Count I against the Defendant, (i) actual, compensatory, and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, (iii) an accounting and disgorgement of profits, (iv) damages sufficient to conduct corrective advertising; and (v) preliminary and permanent injunctive relief;

b. On Count II against the Defendant, (i) statutory damages; (ii) actual, compensatory, and consequential damages that will be established at trial; (iii) an award of punitive damages, the exact amount of which to be determined at trial; (iv) an accounting and disgorgement of profits; (v) damages sufficient to conduct corrective advertising; and (vi) preliminary and permanent injunctive relief;

c. On Count III against the Defendant, (i) actual, compensatory, and consequential damages that will be established at trial; (ii) an award of punitive damages, the exact amount of which to be determined at trial; (iii) an accounting and disgorgement of profits; (iv) damages sufficient to conduct corrective advertising; and (v) preliminary and permanent injunctive relief;

d. On Count IV against the Defendant, (i) actual, compensatory, and consequential damages that will be established at trial; (ii) an award of punitive damages, the exact amount of which to be determined at trial; (iii) an accounting and disgorgement of profits; (iv) damages sufficient to conduct corrective advertising; and (v) preliminary and permanent injunctive relief; and

e. An order awarding Plaintiff its reasonable attorneys' fees and costs, together with such other and further relief as this Court may deem just, proper, and equitable.

Dated:  January 7, 2026

Respectfully submitted,

**RIVKIN RADLER LLP**

*/s/ Gregory D. Miller*
Gregory D. Miller

        Michael C. Cannata
        Catherine Salerno
        25 Main Street
        Court Plaza North, Suite 501
        Hackensack, New Jersey 07601-7082
        Telephone: (201) 287-2460
        gregory.miller@rivkin.com
        michael.cannata@rivkin.com
        catherine.salerno@rivkin.com

*Attorneys For Plaintiff*
*Ascend Laboratories, LLC*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2 and 40.1

I certify that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  January 7, 2026

>Respectfully submitted,
>
>**RIVKIN RADLER LLP**
>
>*/s/ Gregory D. Miller*
>Gregory D. Miller
>Michael C. Cannata
>Catherine Salerno
>25 Main Street
>Court Plaza North, Suite 501
>Hackensack, New Jersey 07601-7082
>Telephone: (201) 287-2460
>gregory.miller@rivkin.com
>michael.cannata@rivkin.com
>catherine.salerno@rivkin.com
>
>*Attorneys for Plaintiff*
>*Ascend Laboratories, LLC*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that Plaintiff, Ascend Laboratories, LLC seeks in excess of $150,000.00, exclusive of interest and costs.

Dated:  January 7, 2026

Respectfully submitted,

RIVKIN RADLER LLP

/s/ Gregory D. Miller
Gregory D. Miller
Michael C. Cannata
Catherine Salerno
25 Main Street
Court Plaza North, Suite 501
Hackensack, New Jersey 07601-7082
Telephone: (201) 287-2460
gregory.miller@rivkin.com
michael.cannata@rivkin.com
catherine.salerno@rivkin.com

Attorneys for Plaintiff
Ascend Laboratories, LLC